# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

DANIEL HANCHETT, as Personal Representative of the Estate of Shannon Hanchett, Deceased,

    Plaintiff,

v.

SHERIFF OF CLEVELAND COUNTY, et al.,

    Defendants.

Case No. 24-CV-87-SLP

## DEFENDANT DIANA MYLES-HENDERSON, LPC'S
## REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS

COMES NOW Defendant Diana Myles-Henderson, LPC ("Defendant" or "LPC Myles-Henderson") and, pursuant to LCvR7.1(i), provides the following Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss.

## ARGUMENT & AUTHORITIES

1. **STANDARD OF REVIEW**

*Bell Atl. Corp. v. Twombly*, which answers the antecedent question of what a plaintiff must plead in order to state a claim in accordance with Fed. R. Civ. P. 8(a)(2) and to survive a Rule 12(b)(6) motion, sets forth a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. 550 U.S. 544, 555-557(2007); *Ashcroft v. Iqbal* 556 U.S. 662, 663-664 (2009). The Supreme Court suggests, a court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth and disregarding such. *Ashcroft*, 556 U.S. at 664; *Khalik v. United Airlines*, 671 F.3d 1188, 1191 (10th Cir. 2012). From this starting place, it is evident Plaintiff has not nudged her claims across the line from conceivable to plausible and consequently, the Complaint must be dismissed.

2. **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE PLAINTIFF HAS FAILED TO SHOW DIANA MYLES-HENDERSON, LPC WAS DELIBERATELY INDIFFERENT TO MS. HANCHETT'S MEDICAL NEEDS.**

From the outset, Plaintiff begins their Response by citing to inapplicable and noncontrolling case law in an attempt to obfuscate the applicable standard. Specifically, Plaintiff cites to two cases which discuss the standards potentially applicable to *prison*

*jailers/correctional officers* in their duty of providing "reasonable safety from serious bodily harm," typically assaults, which is separate and distinct from a *correctional health care providers* duty to provide "adequate medical care" under the Eight Amendment. *Tafoya v. Salazar*, 516 F.3d 912 (10th Cir. 2008)(claim of deliberate indifference for failure to protect from sexual assault); *Lopez v. LeMaster*, 172 F.3d 756 (10th Cir. 1999)(deliberate indifference claim for failure to protect from physical assault and medical needs thereafter). From the *Lopez* case, Plaintiff even cites directly from the section of the Opinion entitled "Liability for Failure to Protect." *Lopez*, 172 F.3d at 759. If Plaintiff would have read the entire *Lopez* opinion, the claim of deliberate indifference as to medical needs was further down and sets forth the correct standard applicable to such claims brought forth against correctional health care providers, which is deliberate indifference to a substantial risk of serious harm. *Lopez*, 172 F.3d at 764(citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Despite what Plaintiff would like this Court to believe, the applicable standard continues to require a showing of "unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind" which is a high evidentiary hurdle. *Estelle*, 429 U.S. at 105-06; *Farmer v. Brennan*, 511 U.S. 825, 826 (1994); *Self v. Crum*, 439 F.3d 1227,1232 (10th Cir. 2006). It is not reasonableness or even negligence. *Estelle*, 429 U.S. at 104-106; *Duffield v. Jackson*, 545 F.3d 1234, 1239(10th Cir. 2008); *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803 (10th Cir. 1999); *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993); *Ledoux v. Davies*, 961 F.2d 1536, 1537(10th Cir. 1992); *El'Amin v. Pearce*, 750 F.2d 829 (10th Cir. 1984); *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *Jones v. McCracken*,

562 F.2d 22 (10th Cir. 1977); *Smart v. Villar,* 547 F.2d 112 (10th Cir. 1976); *Henderson v. Sec'y of Corr.*, 518 F.2d 694 (10th Cir. 1975); *Paniagua v. Moseley*, 451 F.2d 228 (10th Cir. 1971); *Coppinger v. Townsend*, 398 F.2d 392, 392-393 (10th Cir. 1968). With regard to the subjective component of deliberate indifference, the Supreme Court has straightforwardly set forth, there must be a "sufficiently culpable state of mind," and an individual cannot be liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006)(citing *Farmer*, 511 U.S. 825, 834, 837 (1994)).

With these requirements in mind, the Tenth Circuit set forth two types of conduct which **may** constitute deliberate indifference involving medical treatment in a prison: (1) a complete denial or unnecessary delay in a referral; (2) a complete denial or failure to treat. *Self*, 439 F.3d at 1231-32, (10th Cir. 2006)(quoting *Sealock v. Colorado*, 218 F.3d 1205 (10th Cir. 2000)(emphasis added); *Mata v. Saiz*, 427 F.3d 745, 755 (10th Cir. 2005). The Court further clarified a claim under this framework is only actionable where the need for additional treatment or referral to a medical specialist is obvious and the provider responds to an obvious risk with treatment that is patently unreasonable. *Id.* Where a medical professional provides a level of care consistent with the symptoms presented by the inmate, an inference of deliberate indifference is unwarranted, and the requisite state of mind cannot be met. *Id*. Specifically, absent an extraordinary degree of neglect, the subjective component is not satisfied where a provider merely exercises his considered

3

medical judgment as to such decisions as "whether to consult a specialist or undertake additional medical testing." *Id.*; *see also Estelle*, 429 U.S. at 107 (holding the Eighth Amendment's prohibition on cruel and unusual punishment is not violated when a doctor simply resolves the question whether additional diagnostic techniques or forms of treatment is indicated); *see also Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992). For example, in applying these principles, Courts have allowed a claim of deliberate indifference where a provider knew an inmate was suffering from severe chest pains yet "completely refused to assess or diagnose" the potential cardiac emergency but denied a claim where a provider set forth "a good faith effort to diagnose and treat [the inmate's] medical condition" despite failing to diagnose a heart attack. *Mata*, 427 F.3d at 755-61. This is the line between negligence and deliberate indifference – there must be complete denials/failures to provide care or unnecessary delays to place a referral to meet the high constitutional threshold, not "mere differences" in opinion over the adequacy of medical treatment. *Oxendine v. Kaplan*, 241 F.3d 1272, 1277 (10th Cir. 2001). This distinguishable line is set forth in the very case cited by Plaintiff, *Prince*, where zero care was provided and zero referrals were placed for the inmate, which is not comparable to the case at hand. *Prince v. Sheriff of Carter Cty.*, 28 F.4th 1033 (10th Cir. 2022).

In order to attempt to state a cognizable claim upon this foundation, Plaintiff repeatedly contradicts themselves, which Defendant recognizes is a pattern of Plaintiff's in this action, in an attempt to formulate a fact pattern that would support such claim. For example, n their Response, Plaintiff argues on November 30 "Myles-Henderson provided no medical treatment. . . and merely referred Ms. Hanchett to security. . ." rather than

4

referring her to an individual with medical training but omits the fact, on this date, LPC Myles-Henderson also (1) performed an assessment of Ms. Hanchett; (2) drafted a plan of care based on that assessment; and (3) scheduled Ms. Hanchett to obtain a mental health evaluation – which are all allegations set forth in Plaintiff's Complaint. *See* Doc. 28, p. 13; Doc. 1, ¶¶ 23, 28-29, 31, 33. Based on LPC Myles-Henderson's scheduling of Ms. Hanchett to obtain a mental health evaluation, she was assessed by non-defendant psychiatrist Jawaun Lewis, M.D. who made the determination and did not order Ms. Hanchett to be transferred to an outside facility to obtain a higher level of care nor prescribe her medication. *See* Doc. 1, ¶¶ 63-64. Further, Plaintiff's criticism that LPC Myles-Henderson referred Ms. Hanchett to security is misplaced as Plaintiff's allegations support the inference this was done as a result of LPC Myles-Henderson placing Ms. Hanchett on suicide watch after determining she was a risk to herself or others based on the assessment she completed on November 30. *See* Doc. 1, ¶¶ 23, 28-29, 31, 33.

The contradictions continue throughout Plaintiff's Response it is argued LPC Myles-Henderson "provided no care at all" and "failed to do anything to help" but then Plaintiff admits LPC Myles-Henderson also, again, assessed Ms. Hanchett three more times, on December 4, 5, and 7. *See* Doc. 28, p. 14-16; Doc. 1 ¶¶ 43-48, 51-52, 77, 79-81. Also, despite Plaintiff's claim LPC Myles-Henderson only made one referral throughout her care and treatment of Ms. Hanchett, during these assessments LPC Myles-Henderson made what was a second referral for Ms. Hanchett to "medical staff for medication evaluation," as set forth in Plaintiff's Complaint. *Id.* The standard does not require providers to obtain an "urgent" evaluation, as erroneously argued by Plaintiff, but rather

5

the standard is met where there is no denial or "unnecessary delay" of a referral and it has been specifically held that this duty is fulfilled where a provider simply left a notation in a patient's file for a referral. *Crowson v. Washington County State of Utah*, 983 F.3d 1166, 1180 (10th Cir. 2020). Here, Plaintiff's own allegations set forth LPC Myles-Henderson scheduled Ms. Hanchett for a mental health evaluation during her initial assessment of Ms. Hanchett, which was performed by psychiatrist Dr. Jawaun Lewis, M.D., and placed a second referral for "medical staff for medication evaluation" four days later. *See* Doc. 1, ¶¶ 28, 48, 63-64. LPC Myles-Henderson's referral for Ms. Hanchett to receive a mental health evaluation could not have been placed sooner. In no way, can an immediate referral or even a second, separate referral placed 4 days later be categorized as an unnecessary delay that is repugnant to the conscience of mankind.

Plaintiff has littered their Response with antithetical statements and cherry-picked specific alleged facts to include in their Complaint in order to attempt to make this Court believe a valid constitutional claim exists where it does not. However, no matter how many times Plaintiff states it, even in contrast to Plaintiff's own Complaint, it does not make it true that this is a case where there was, either, a complete denial of care or a referral. Plaintiff's own allegations show Ms. Hanchett was assessed by LPC Myles-Henderson four separate times during her 10-day stay at CCJC and placed two referrals for her. *See* Doc. 1, ¶¶ 28-29, 31, 33; 43-48; 51-52; 77; 79-81. The care provided by LPC Myles-Henderson, as alleged in Plaintiff's Complaint, constitutes an exercise of her medical judgment and, it cannot be logically argued having Ms. Hanchett assessed by a licensed professional counselor 4 times over the course of 10 days, placing an immediate referral for Ms.

6

Hanchett to receive a mental health assessment from a psychiatrist, and also placing a second referral to a "medication evaluation" for an inmate Plaintiff alleges died in part due to psychosis is inconsistent with the symptoms presented, is patently unreasonable, woefully inadequate, or the functional equivalent of the denial of medical care. *Self*, 439 F.3d at 1231-32, (10th Cir. 2006)(quoting *Sealock*, 218 F.3d 1205); *see also Mata*, 427 F.3d at 755.

Plaintiff's allegations attest LPC Myles-Henderson acted in accordance with the exercise of her best clinical judgment in treating Ms. Hanchett's complaints. Plaintiff's allegations merely amount to a disagreement in the care provided to Ms. Hanchett, which is a claim that sounds in negligence and, according to the U.S. Supreme Court, cannot rise to the level of a constitutional violation. Defendant simply requests this Court follow the case law precedent cited by Plaintiff which directly affirms Plaintiff's Complaint does not plausibly allege a §1983 claim alleging cruel and unusual punishment and must be dismissed pursuant to Rule 12(b)(6). *Prince v. Sheriff of Carter Cty.*, 28 F.4th 1033 (10th Cir. 2022). Plaintiff has failed to set forth facts sufficient to support the allegation LPC Myles-Henderson exhibited an extraordinary degree of neglect amounting to a conscience disregard Ms. Hanchett's health and safety to the level of a sufficiently serious deprivation. As such, Plaintiff's Complaint does not plausibly allege a §1983 claim alleging cruel and unusual punishment and must be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

Plaintiff's Complaint is properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), as Plaintiff has failed to allege facts sufficient to support a claim of

deliberate indifference as to Defendant LPC Myles-Henderson. Further, Plaintiff has admitted they are not asserting claims of negligence against Defendant LPC Myles-Henderson, as such Plaintiff must be estopped from subsequently attempting to assert any such claims. Dismissal of Plaintiff's claims against Defendant LPC Myles-Henderson is appropriate at this time.

WHEREFORE, Defendant Diana Myles-Henderson, LPC prays this Court grant this Motion and dismiss this action in its entirety.

Respectfully submitted,

*s/ Meilani C. Kaaihue*
Sean P. Snider, OBA #22307
Anthony C. Winter, OBA #32148
Meilani C. Kaaihue, OBA #33931
JOHNSON HANAN VOSLER
HAWTHORNE & SNIDER
9801 N. Broadway Extension
Oklahoma City, OK 73114
Telephone: 405.232.6100
Facsimile: 405.232.6105
ssnider@johnsonhanan.com
awinter@johnsonhanan.com
mkaaihue@johnsonhanan.com
*Attorneys for Defendant Diana Myles-Henderson, LPC*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the <u>20th</u> day of <u>March</u>, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

*/s/ Meilani C. Kaaihue*
Meilani C. Kaaihue