# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL HANCHETT, as Personal Representative of the Estate of Shannon Hanchett, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>SHERIFF OF CLEVELAND COUNTY, IN HIS OFFICIAL CAPACITY, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-24-87-J<br>)<br>)<br>)<br>)<br>)<br>) |

## AGREED PROTECTIVE ORDER

Pursuant to the parties' Joint Motion for Protective Order [Doc. No. 50], the Court enters the following Protective Order. Certain documents and information being exchanged or produced in this case should be treated as confidential as set forth below:

1. The term "Confidential Material" as used in this Protective Order shall mean all information, documents, and material which has not been made public, is not otherwise considered an open record as defined by Oklahoma law, or otherwise published by the plaintiff or the defendants (hereinafter referred to collectively as "the Parties") and which is private and confidential, and may specifically include the following materials: any person's tax records or returns, W2s, 1099s, educational transcripts, employee/personnel files and any documents maintained therein, policies and any document related to any agreement of insurance maintained by any party to this case, medical records and/or mental health records, surveillance video, internal policies and procedures maintained by any party to this case, Medical Examiner's Report and attachments, and/or any OSBI Report of Investigation and attachments thereto. The distribution of "Confidential Material" will be restricted to the "qualified persons" described below, and is not to

be divulged to any others, unless disclosure to others is subsequently authorized by this Court, or disclosure is subsequently authorized by the party producing the items, or the confidentiality is waived by the party producing it by the publication of it to third persons, or the information is or otherwise becomes available to the public.

2. Any item deemed to be "Confidential Material" shall be so designated by one of the counsel for the party producing it, and such designation by counsel constitutes a representation on the part of such counsel, that the document, material, or other information so designated, is legitimately "confidential." The Parties may mark documents as confidential that were produced prior to the entry of the protective order, if such designation is made within seven (7) days after the date this Order is filed. Any party may move, after conferring in good faith, to dispute the "confidential" designation, in which case the party making the confidential designation shall have the burden of proof.

3. Plaintiff does not stipulate or agree that any of the information and documents described in Paragraph 1 are "confidential" as a matter of law. Rather, Plaintiff is entering this Agreed Protective Order to facilitate the free flow of discovery. Plaintiff will treat any document designated as "Confidential", under the terms of this Agreed Protective Order, as such. However, Plaintiff fully reserves his right to object to or otherwise challenge any "Confidentiality" designation by motion filed with this Court.

4. All Confidential Material shall be used only for the purposes of this above-styled litigation and not for any other litigation, publication, or purpose whatsoever. Nothing herein shall be deemed to restrict in any way a party or its attorneys' use of its own

documents. Except with prior written consent of the party who has produced or provided the Confidential Material, or to whom the Confidential Material relates, or with the Court's permission, Confidential Material and any copies or portions thereof shall not be disclosed except to the following (hereinafter "Qualified Person"):

      (a)    Counsel of record for the respective Parties to this litigation and regular employees of such counsel who are working directly with and under the supervision of such counsel in the prosecution or defense of this litigation.

      (b)    Parties and employees of same who must know this information in order to prosecute or defend this action;

      (c)    An expert expressly retained by counsel of record in this action to testify, consult, or assist in the preparation of this action for trial;

      (d)    Persons whose depositions have been scheduled either by Notice and/or Subpoena or upon agreement of the Parties or whose depositions have been requested by any party;

      (e)    The court and its personnel in the conduct of their official duties; and

      (f)    Persons involved in the decision-making process as it relates to any potential settlement of this case.

When and if filed, any Confidential Material shall be filed under seal with the Clerk of the Court. Such sealing shall continue until further order of this Court.

With respect to the filing with the Clerk of the Court of any paper (including, without limitation, an affidavit, memorandum, or motion) that discloses a material part of any Confidential Material, the portion thereof disclosing the material Confidential Information shall be redacted and an unredacted copy of the paper filed under seal. However, a general discussion of Confidential

Material is NOT required to be submitted under seal. Copies of records which redact confidential information may be filed without seal so long as the redacted portion of the document is not relied upon by the party.

5. A party may designate as Confidential Material such portion of any deposition testimony, regardless by whom given, which contains or discloses Confidential Material. In addition, if a document previously designated as Confidential Material is used as an exhibit at a deposition, that document shall be deemed Confidential Material regardless of whether any person makes a formal designation.

6. The court reporter shall be advised of the confidential nature of the material.

7. This Order governs the exchange and use of documents and information before trial. The use and protection of Confidential Material during the trial of this action and after shall be subject to further order of the trial judge.

8. Counsel have a duty to affirmatively advise each Qualified Person, as defined in Paragraph 2, to whom Confidential Material is disclosed about the existence, nature, and effect of this Protective Order.

9. The provisions of this Protective Order shall not terminate at the conclusion of this action. At the time of the termination of this action, all Confidential Material and all copies of same shall be maintained by counsel for the Parties, in such counsel's ordinary course of business, so long as confidentiality of such records is maintained in accordance with this Order.

10.     Nothing in this Order limits the Court's ability to make modifications to this Protective Order in the future that the Court determines necessary or appropriate. Nothing in this Protective Order is intended to address the admissibility of Confidential Material at any proceeding.

IT IS SO ORDERED this 12th day of June, 2024.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE