# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL HANCHETT, as Personal Representative of the Estate of Shannon Hanchett, Deceased, | |
| Plaintiff, | Case No. 24-cv-87-J |
| v. | |
| SHERIFF OF CLEVELAND COUNTY, et al., | |
| Defendants. | |

### DEFENDANT DR. JAWAUN LEWIS' MOTION TO DISMISS AND BRIEF IN SUPPORT

## TABLE OF CONTENTS

TABLE OF CONTENTS ……………………………………………………………ii

TABLE OF AUTHORITIES ………………………………………………………..iii

STATEMENT OF THE CASE……………………………………………………… 1

ARGUMENTS AND AUTHORITIES…………………………...…………….. 3

    I.    STANDARD OF REVIEW ……………………………………..…………… 3

    II.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED …………………………………....… 5

        a. Plaintiff has failed to allege facts sufficient to show that Dr. Lewis was deliberately indifferent to a substantial risk of serious harm to Ms. Hanchett ……………………………….……… 5

        b. Plaintiff's Amended Complaint should be dismissed for failure to state a claim arising under Oklahoma law …………………………….…… 11

            i. Plaintiff's State Law Claim against Defendant is barred by the Applicable Statute of Limitations ………………..…………. 12

            ii. Dr. Lewis is immune from Plaintiff's State Law Tort Claims under the Oklahoma Governmental Tort Claims Act ……………………. 13

    CONCLUSION ………………………………………………..……....….. 15

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Yates*, No. CIV-08-215-FHS, 2009 WL 811515, at **1-3 (E.D. Okla. Mar. 24, 2009) ........................................................................................................................... 12

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 1940 (2009). .......................................................... 3, 4

B*arnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) .............................................................................................................. 11

*Barrios v. Haskell Cnty. Pub. Facilities Auth.,* 2018 OK 90 ........................................ 14, 15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) ..................................................... 3, 4

*Coppinger v. Townsend*, 398 F.2d 392, 392-393 (10th Cir. 1968) ....................................... 9

*Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1314 (10th Cir. 2021) ................................. 11

*Crocker v. Glanz* , 752 F. App'x 564, 569 (10th Cir. 2018) ................................................. 6

*Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) ................................................. 8

*El'Amin v. Pearce*, 750 F.2d 829 (10th Cir. 1984) .............................................................. 8

*Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) .............................................................. 5, 6, 7

*Farmer v. Brennan*, 511 U.S. 825, 826 (1994) ................................................................ 5, 6, 7

*Fisher v. Glanz*, No. CIV-14-678-TCK, 2016 WL 1175239, at **8, 9, 13 (N.D. Okla. Mar. 24, 2016) ............................................................................................................... 12

*Gaston v. Ploeger*, 229 F. App'x. 702, 710 (10th Cir. 2007) ............................................... 6

*Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997) .................................................... 6

*Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). ..................................................... 4

*Harjo v. City of Albuquerque*, 307 F. Supp. 3d 1163, 1184–85 (D.N.M.) .......................... 4

*Heidtke v. Corr. Corp. of Am.*, 489 F. App'x. 275, 279-280 (10th Cir. 2012) ................. 6, 7

*Henderson v. Sec'y of Corr.*, 518 F.2d 694 (10th Cir. 1975) ............................................... 9

*Hicks v. Whetsel*, No. CIV-16-5532-M, 2016 WL 6459809, at ** 2, 4-5 (W.D. Okla. Oct. 31, 2016) ........................................................................................................................ 12

*Jones  v. McCracken*, 562 F.2d 22 (10th Cir. 1977) ............................................................ 9

*Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011)) ...................................... 11

*Koch v. Juber*, No. CIV-13-0750-HE, 2014 WL 2171753, at *2 (W.D. Okla. May 23, 2014)) ............................................................................................................................. 12

*Ledoux v. Davies*, 961 F.2d 1536, 1537(10th Cir. 1992) ..................................................... 8

*Lucas*, 58 F.4th at 1142 ...................................................................................................... 10

*Martin v. Creek Cty. Jail*, 2010 WL 4683852, 3 (N.D. Okla. 2010) .................................... 5

*Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) ................................................... 7

*Mata v. Saiz*, 427 F.3d 745, 755 (10th Cir. 2005) .............................................................. 10

*Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993) ...................................................................... 8

*Paniagua v. Moseley*, 451 F.2d 228 (10th Cir. 1971) .......................................................... 9

*Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803 (10th Cir. 1999) ........................................... 8

*Perkins v. Kansas Dep't of Corr*., 165 F.3d 803, 811 (10th Cir. 1999)) ............................. 6

*Prince*, 2019 WL 238153, *9 .................................................................................... 15
*Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) ......................................................... 9
*Redding v. Marsh*, 750 F.Supp. 473, 479 (E.D.Okla.1990) ................................................ 8
*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) ............... 4
*Schneider*, 493 F.3d 1174 (10th Cir. 2007) ......................................................................... 4
*Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006) ...................................................... 6, 7
*Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976) .............................................................. 8, 9
*Tennant v. Miller*, 589 F. App'x 884, 885-86 (10th Cir. 2014) .......................................... 6

**Statutes**

28 U.S.C. 1367(c)(3) ............................................................................................................ 11
59 O.S. § 478 ....................................................................................................................... 10
OKLA. STAT. ANN. tit. 51, § 152(b)(7) ................................................................................. 13
OKLA. STAT. ANN. tit. 51, § 152.1(A) .................................................................................. 13
OKLA. STAT. tit. 12, § 95(A)(11) ................................................................................... 12, 13
Okla. Stat. tit. 51, § 152.1(A) ............................................................................................... 14
Okla. Stat. tit. 51, § 155(25) ................................................................................................. 14
Oklahoma's Governmental Tort Claims Act ....................................................................... 13

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ................................................................... 3, 4, 11

iv

Defendant Dr. Jawaun Lewis (hereinafter "Defendant" or "Dr. Lewis"), herein moves this Court to dismiss this action against him pursuant to Federal Rule of Civil Procedure 12(b)(6). In support, Defendant respectfully shows the Court the following:

**STATEMENT OF THE CASE**

1. On January 25, 2024, Michael Hanchett, as the Personal Representative of the Estate of Shannon Hanchett, filed a Complaint related to Ms. Hanchett's incarceration at Cleveland County Justice Center ("CCJC"). *See* Doc. 1 ¶.

2. Dr. Jawaun Lewis was not a named defendant in the initial Complaint. *Id*.

3. In Response to the Complaint filed on January 25, 2024, the named Defendants filed Motions to Dismiss which were ultimately granted by this Court. *See* Docs. 27 & 55.

4. In the Order granting Defendant Turn Key Health Clinics, LLC's Motion to Dismiss, this Court concluded "Plaintiff has not alleged sufficient facts to show that *any Turn Key employee, alone or in combination with other Turn Key employees*, was deliberately indifferent to Ms. Hanchett's health and safety." *See* Doc. 55, p. 5. (emphasis added).

5. The Court extended Plaintiff leave to file an Amended Complaint. *See* Doc. 56.

6. In an attempt to formulate a cognizable claim, Plaintiff filed seventy-three (73) page Amended Complaint, which for the first time named Dr. Lewis as a Defendant. *see* Doc. 57. Interestingly, Plaintiff's Amended Complaint conspicuously left out over thirty-three (33) paragraphs of previously alleged facts specifically relating to the care and treatment provided to Ms. Hanchett while in the CCJC. *Compra* Docs. 1 & 57, *see*

1

specifically ¶¶ 28-29; 31; 38; 40; 42-48; 50-51; 54; 57-58; 63; 65-66; 68-69; 72-74; 76-77; 79-81; 83; 85-86 of Doc. 1.

7. The Amended Complaint contains a claim against Dr. Lewis for deliberate indifference related to Ms. Hanchett's 12-day incarceration at CCJC. *See* Doc. 57 ¶¶ 318-323.

8. Specifically, Plaintiff claims Dr. Lewis violated Shannon Hanchett's constitutional right to receive adequate medical care in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution (via 42 U.S.C. § 1983). *Id.*

9. Plaintiff alleges Ms. Hanchett was referred to Dr. Lewis for a mental health evaluation. *See* Doc. 1, ¶ 28.

10. Plaintiff also alleges that on December 6, 2023, Dr. Lewis saw Ms. Hanchett through video call. *See* Doc. 57, ¶¶ 106-107. Plaintiff further alleges Dr. Lewis provided the following assessment: Ms. Hanchett was "actively responding to internal stimuli and unable to provide clear history"; she was not oriented to person, place, time and situation; she was irrational, confused, and delusional; she had poor judgment and insight; her symptoms were "currently causing significant distress or impaired functioning"; and her symptoms were "severe – marked impact on inmate's ability to function satisfactorily in the current outpatient setting." *See* Doc. 1, ¶ 63.

11. Oklahoma law provides that Telemedicine is an appropriate means to see a patient. *See* 59 O.S. § 478.

12. Plaintiff further alleges that Dr. Lewis failed to order Ms. Hanchett to be sent to the hospital. *See* Doc. 57, ¶¶ 106-107.

13. Plaintiff also previously alleged that Ms. Hanchett "refused to interact with staff and this provider" and was "not responding verbally" thereby continuing to impede the medical and mental health treatment provided to her. *See* Doc. 1, ¶¶ 43-48.

14. Plaintiff further alleges, on December 8, Ms. Hanchett ultimately passed away. *See* Doc. 57, ¶¶ 138.

15. Plaintiff contends Ms. Hanchett died of heart failure with other significant conditions contributing to her death including psychosis with auditory and visual hallucinations and severe dehydration. *See* Doc. 57, ¶ 140.

## ARGUMENTS AND AUTHORITIES

### I.  STANDARD OF REVIEW

Plaintiff fails to state a claim upon which relief may be granted. In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. The factual allegations within the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (citations omitted). Further, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. For a complaint to have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 1940 (2009). "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support

3

of these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). A plaintiff's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

Further, it is permissible for this Court to take judicial notice of the facts previously alleged by Plaintiff in his original Complaint but omitted in his Amended Complaint. *Harjo v. City of Albuquerque*, 307 F. Supp. 3d 1163, 1184–85 (D.N.M.) (facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment.) *See* Doc. 1 ¶¶ 28-29; 31; 38; 40; 42-48; 50-51; 54; 57-58; 63; 65-66; 68-69; 72-74; 76-77; 79-81; 83; 85-86. Plaintiff should not be rewarded as a result of the presumably intentional omission of alleged facts which have previously been alleged by Plaintiff as true. This is especially true here where a Court has previously found that Plaintiff failed to state an actionable claim. *Id.* Omitting facts in an Amended Complaint after this Court has previously held "Plaintiff has not alleged sufficient facts to show that any Turn Key employee, alone or in combination with other Turn Key employees, was deliberately indifferent to Ms. Hanchett's health and safety" is improper and at odds with the applicable pleading standards. *See* Doc. 55, p. 5; Federal Rule of Civil Procedure 12(b)(6); *Bell Atl. Corp.*, 550 U.S. 544 (2007); *Ashcroft,* 556 U.S. 662 (2009); *Schneider*, 493 F.3d 1174 (10th Cir. 2007). Plaintiff should not be allowed to attempt to save his case and contrive a cause of action by omitting prior allegations concerning care and treatment provided to Ms. Hanchett in an effort to assert that Ms. Hanchett was denied care. Such runs afoul of the purpose of the Court's extension of leave to file an Amended Complaint

4

– to allow Plaintiff to include additional or new allegations that may nudge his claim(s) over the threshold of plausible.

    **II. PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

        **a. Plaintiff has failed to allege facts sufficient to show that Dr. Lewis was deliberately indifferent to a substantial risk of serious harm to Ms. Hanchett.**

Plaintiff asserts claims against Defendant arising under 42 U.S.C. § 1983 (hereinafter "§ 1983") for the alleged violation of Hanchett's constitutional right to receive adequate health care in violation of the Eighth and Fourteenth Amendments of the United States Constitution. *See* Doc. 57 ¶¶ 318-323. In order to state a cognizable claim under § 1983, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" that offend "'evolving standards of decency' in violation of the Eighth Amendment" – not the result of mere negligence. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Farmer v. Brennan*, 511 U.S. 825, 826 (1994); *see also Martin v. Creek Cty. Jail*, 2010 WL 4683852, 3 (N.D. Okla. 2010) (quoting *Wise v. Bravo,* 666 F.2d 1328, 1333 (10th Cir.1981)(In order to "state a claim under § 1983, an individual must allege misconduct that is 'so egregious as to subject the aggrieved individual to a deprivation of constitutional dimensions.'")

"[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle*, 429 U.S. at 105-06. It is well established that negligence alone does not state a claim under § 1983 for

5

deliberate indifference to medical needs — "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006)(quoting *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999)); *see also Estelle*, 429 U.S. at 105-06; *Farmer*, 511 U.S. at 826; *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997). Thus, the threshold for setting forth allegations that an inmate has been subject to cruel and unusual punishment in any regard remains high. In order to prevail on a § 1983 claim, a plaintiff "must show deliberate indifference to a substantial risk of serious harm." *Estelle*, 429 U.S. at 105-06; Farmer, 511 U.S. at 837.

Deliberate indifference requires analysis of two components (1) the objective component, which requires a showing that the deprivation was sufficiently serious and (2) the subjective component, which is akin to "recklessness" as used in criminal law and requires a showing of the conscious disregard of the substantial risk of serious harm. *Crocker v. Glanz*, 752 F. App'x 564, 569 (10th Cir. 2018); *Tennant v. Miller*, 589 F. App'x 884, 885-86 (10th Cir. 2014) (citing *Farmer*, 511 U.S. at 828); *Self*, 439 F.3d at 1231. Therefore, the plaintiff must establish the defendant "acted with a culpable state of mind," as a defendant cannot be liable for a claim of deliberate indifference unless it is shown the defendant knew of and disregarded an excessive risk to inmate health and safety. *Farmer*, 511 U.S. at 837; *Gaston v. Ploeger*, 229 F. App'x. 702, 710 (10th Cir. 2007); *Heidtke v. Corr. Corp. of Am.*, 489 F. App'x. 275, 279-280 (10th Cir. 2012) (quoting *Self*, 439 F.3d at 1231). Defendant must specifically be shown to have been, both, aware of facts from which the inference could be drawn that a substantial risk of serious harm existed as to the

6

individual, and it must be shown that defendant drew that inference, therefore, consciously disregarding the individual's health and safety to the level of a sufficiently serious deprivation. *Id*. The Tenth Circuit has explained that case law firmly establishes "the subjective component is not satisfied, absent an extraordinary degree of neglect." *Self*, 439 F.3d at 1232; *Heidtke*, 489 F. App'x. at 282 ("Only when the symptoms obviously point to a substantial risk of harm can we draw an inference of the medical professional's conscious disregard of an inmate's medical emergency.")

In the case at hand, Plaintiff alleges that Ms. Hanchett died as a result of heart failure with other significant conditions contributing to her death being psychosis with auditory and visual hallucinations and severe dehydration. *See* Doc. 57, ¶ 140. Death is sufficiently serious to satisfy the objective component. *See Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). However, Plaintiff fails to plead facts sufficient to satisfy the subjective component of his deliberate indifference claim. To satisfy the subjective component, Plaintiff must properly allege that Defendant had knowledge of the specific risk faced by Ms. Hanchett – i.e. the risk of imminent death from heart failure – and that he knowingly and willingly disregarded that risk. *Estelle*, 429 U.S. at 105-06 (1976); *Farmer*, 511 U.S. at 837.

According to Plaintiff's pleadings in this matter, Dr. Lewis' alleged involvement with Ms. Hanchett's incarceration was limited. Plaintiff alleges that on December 6, 2023, Dr. Lewis saw Ms. Hanchett through video call. *See* Doc. 57, ¶¶ 106-107. Plaintiff further alleges that Dr. Lewis failed to order Ms. Hanchett to be sent to the hospital. *Id*. In this regard, Courts have specifically held that (1) negligent failure to diagnose a medical

7

condition; (2) failure to provide a test; (3) failure to transfer to or a delay in transfer to an outside facility; or (4) failure to perform a cursory examination do not rise to the level of a constitutional violation. *Estelle*, 429 U.S. at 105; *Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Redding v. Marsh*, 750 F.Supp. 473, 479 (E.D.Okla.1990).

Further, unsuccessful medical treatments or disagreement(s) between an inmate and a prison health care provider concerning the appropriateness of certain medical care also do not rise to the level of a constitutional violation. *Redding*, 750 F. Supp. at 478; *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993). The Tenth Circuit has repeatedly held questions over a difference of opinion over the adequacy of medical treatment provided sound in negligence and do not give rise to a claim of deliberate indifference. *Duffield v. Jackson*, 545 F.3d 1234, 1239(10th Cir. 2008)(no deliberate indifference where inmate received "repeated examinations"); *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803 (10th Cir. 1999)(holding a "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation"); *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993)(failure to transfer prisoner to receive treatment from heart specialist not deliberate indifference); *Ledoux v. Davies*, 961 F.2d 1536, 1537(10th Cir. 1992)(noting that types of medication prescribed and referrals to specialists are generally matters of medical judgment, not deliberate indifference); *El'Amin v. Pearce*, 750 F.2d 829 (10th Cir. 1984)(denial of x-ray of lower back after physical altercation amounts to difference of opinion between the plaintiff and the medical staff over the proper treatment of his injuries and does not support claim of deliberate indifference); *Ramos v. Lamm*, 639

F.2d 559, 575 (10th Cir. 1980)("negligent diagnosis or treatment of a medical condition do[es] not constitute a medical wrong under the Eighth Amendment"); *Jones v. McCracken*, 562 F.2d 22 (10th Cir. 1977)(differing opinions between providers as to diagnosis and treatment provided to inmate do not rise to level of deliberate indifference); *Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976)(differences in opinions related to sick calls, examinations, diagnoses, and medication do not support claim of deliberate indifference); *Henderson v. Sec'y of Corr.*, 518 F.2d 694 (10th Cir. 1975); *Paniagua v. Moseley*, 451 F.2d 228 (10th Cir. 1971)(refusal to transfer inmate out for surgery recommended by outside physician does not amount to deliberate indifference). The Tenth Circuit has even specifically held "the prisoner's right is to medical care [and] is not to the type or scope of medical care which he personally desires. A difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983." *Coppinger v. Townsend*, 398 F.2d 392, 392-393 (10th Cir. 1968).

Plaintiff does not allege Dr. Lewis was informed of Ms. Hanchett's medical condition at the time Ms. Hanchett was referred to Dr. Lewis. Rather, Plaintiff alleges that Dr. Lewis' only interaction with Ms. Hanchett was a "brief video call" where he observed her lying naked on the floor in her cell. *See* Doc. 57, ¶¶106-107. Dr. Lewis can only make treatment decisions based on the information available to him, which according to Plaintiff, was limited. Plaintiff previously alleged that following the video call, Dr. Lewis provided the following assessment: Ms. Hanchett was "actively responding to internal stimuli and unable to provide clear history"; she was not oriented to person, place, time and situation; she was irrational, confused, and delusional; she had poor judgment and insight; her

9

symptoms were "currently causing significant distress or impaired functioning"; and her symptoms were "severe – marked impact on inmate's ability to function satisfactorily in the current outpatient setting." *See* Doc. 1, ¶ 63.

Plaintiff's allegations, which must be taken as true, show Ms. Hanchett was seen for a mental health evaluation via telemedicine, which is a completely lawful method of examination, and was evaluated by Dr. Lewis. *See* 59 O.S. § 478. Plaintiff admits that the alleged interaction was limited in time and that Dr. Lewis observed Ms. Hanchett lying naked on the floor of her cell. Plaintiff does not allege that based on this "brief" interaction, Dr. Lewis knew Ms. Hanchett was at a serious risk of harm. Nor is there any reasonable inference that can be drawn that a brief observation of a patient naked in her cell should have put Dr. Lewis on notice that Ms. Hanchett was at risk of dying from a heart condition and/or dehydration. *Self*, 439 F.3d at 1232-33; *Mata v. Saiz*, 427 F.3d 745, 755 (10th Cir. 2005) *See also Lucas*, 58 F.4th at 1142 (stating deliberate indifference is determined *at the time* a medical professional fails to treat an individual). The controlling case law is clear — to the extent Plaintiff disagrees with Dr. Lewis' decision making, or actions taken in response to his "brief" interaction, such allegations are that of tort, not §1983 deliberate indifference.

Based on the allegations in the Amended Complaint, even when taken in light most favorable to Plaintiff, Plaintiff has failed to properly plead Dr. Lewis knew of and disregarded a serious risk of harm from death facing Ms. Hanchett. Further, Plaintiff claims Dr. Lewis only saw Ms. Hanchett once for a short period of time at which time Ms. Hanchett was lying on the floor naked. Plaintiff disagrees with the care and treatment that

was provided to Ms. Hanchett in response to the alleged interaction, and now second-guesses Dr. Lewis' medical decision making. However, as outlined by the multitudinous authorities above, these claims are not actionable under § 1983 and therefore, must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

### b. Plaintiff's Amended Complaint should be dismissed for failure to state a claim arising under Oklahoma law.

It is not clear from the Amended Complaint whether Plaintiff is bringing a state-law negligence claim against this Defendant. To the extent Plaintiff is bringing such a claim, it must fail for the reasons set forth below. Additionally, if a state claim is brought against this Defendant and if this Court properly grants Defendant's Motion as to Plaintiff's § 1983 claim, Defendant would request this Court decline supplemental jurisdiction as to Plaintiff's remaining state law claims. *See* 28 U.S.C. 1367(c)(3); B*arnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims … when the federal claims to which they are supplemental have dropped out before trial."); *see also Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1314 (10th Cir. 2021) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." (quoting *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011)).

### i. Plaintiff's State Law Claim against Defendant is barred by the Applicable Statute of Limitations.

If the Court exercises supplemental jurisdiction over Plaintiff's state law claim, it must be dismissed as it is barred by the applicable statute of limitations. OKLA. STAT. tit. 12, § 95(A)(11) applies to all actions filed based upon facts occurring while the person was an inmate in custody, and specifically includes claims for injury to the rights of another, requiring such actions to be filed within one (1) year after the cause of action shall have accrued. Further, Oklahoma Federal District Courts have specifically ruled § 95(A)(11) applies to state negligence or wrongful death claims, such as this one. *See Fisher v. Glanz*, No. CIV-14-678-TCK, 2016 WL 1175239, at **8, 9, 13 (N.D. Okla. Mar. 24, 2016) (not reported) (ruling any claims brought under the Oklahoma Constitution or state law are untimely when not brought within the one year statute of limitations of § 95(A)(11)) (*citing Koch v. Juber*, No. CIV-13-0750-HE, 2014 WL 2171753, at *2 (W.D. Okla. May 23, 2014)); *Allen v. Yates*, No. CIV-08-215-FHS, 2009 WL 811515, at **1-3 (E.D. Okla. Mar. 24, 2009) (not reported) (dismissing all state law claims as untimely when filed outside the one-year statute of limitations); *Hicks v. Whetsel*, No. CIV-16-5532-M, 2016 WL 6459809, at ** 2, 4-5 (W.D. Okla. Oct. 31, 2016) (slip copy) (ruling all state law claims, despite being brought with § 1983 claims, are time-barred by the one-year statute of limitations). Plaintiff has asserted a claim of negligence or wrongful death related to the medical care and treatment rendered to Ms. Hanchett while an inmate at CCJC. Specifically, the Amended Complaint alleges this claim based on care and treatment that occurred between November 26, 2022 and December 8, 2022. *See* Doc. 57, ¶¶ 31-139. At the very latest,

Plaintiff's state law claim accrued on December 8, 2022 – the date Ms. Hanchett allegedly died and, consequently, pursuant to OKLA. STAT. tit. 12, § 95(A)(11), the statute of limitations to file a tort claim against Defendants expired on December 8, 2023. However, Plaintiff did not file this action until February 25, 2024. *See* Doc. 1. As such, since Plaintiff did not file his Complaint until February 24, 2024, any state claims are barred by the applicable one-year statute of limitations and must be dismissed as a matter of law.

### ii. Dr. Lewis is immune from Plaintiff's State Law Tort Claims under the Oklahoma Governmental Tort Claims Act.

Alternatively, if this Court chooses to address Plaintiff's state claims, they must fail, as Plaintiff's claims of negligence are of tort for which Dr. Lewis is immune. Given the factual allegations pled in Plaintiff's Amended Complaint, under Oklahoma's Governmental Tort Claims Act ("GTCA"), Dr. Lewis is considered an "employee" of the state and immune from liability for tort claims. Section 152.1 of Title 51 of the Oklahoma Statutes provides:

> The State of Oklahoma does hereby adopt the doctrine of sovereign immunity. The state, its political subdivisions, and all of their employees acting within the scope of their employment, whether performing governmental or proprietary functions, shall be immune from liability for torts.

OKLA. STAT. ANN. tit. 51, § 152.1(A). The GTCA goes on to state, "licensed medical professionals under contract with the city, county, or state entities who provide medical care to inmates or detainees in the custody or control of law enforcement agencies – such as Dr. Lewis – are considered "employees of the state" for purposes of the GTCA. OKLA. STAT. ANN. tit. 51, § 152(b)(7). Here, Plaintiff generally alleges that Dr. Lewis was

13

negligent in providing adequate medical care to Ms. Hanchett while she was in custody at the CCJC. Doc. 57, at ¶¶ 354-358. Providing medical services to inmates at the Detention Center is directly within the scope of Dr. Lewis' duties as a medical provider, and thus the OGTCA immunity should apply. *See* Okla. Stat. tit. 51, § 152.1(A). Further, the OGTCA provides that "[t]he state or a political subdivision shall not be liable if a loss or claim results from . . . [p]rovision, equipping, operation or maintenance of any prison, jail or correctional facility." Okla. Stat. tit. 51, § 155(25).

The Oklahoma Supreme Court has confirmed that "*the staff of a healthcare contractor* [such as Turn Key] *at a jail are "employees" who are entitled to tort immunity under the GTCA* by virtue of sections 152(7)(b), 153(A), and 155(25)." *Barrios v. Haskell Cnty. Pub. Facilities Auth.,* 2018 OK 90 (emphasis added). As the Oklahoma Supreme Court explained, "in cases including tort claims against the State and *state actors*, . . . the State is statutorily immune from tort suit unless the Legislature has expressly waived that immunity." *Barrios,* 2018 OK 90, ¶ 8 (emphasis added). Pursuant to the Oklahoma Supreme Court's reasoning in *Barrios*, private correctional healthcare contractors, such as Turn Key and its employees, are considered state actors for the purposes of the OGTCA.

> Generally speaking, the staff of a healthcare contractor at a jail are "employees" who are entitled to tort immunity under the GTCA by virtue of sections 152(7)(b), 153(A), and 155(25). *See* 51 O.S. Supp. 2015 § 152(7)(b) ("As used in The Governmental Tort Claims Act: . . . 7. 'Employee' means any person who is authorized to act on behalf of a political subdivision or the state whether that person is acting on a permanent or temporary basis, with or without being compensated or on a full-time basis . . . b. For the purpose of The Governmental Tort Claims Act, the following are employees of this state, regardless of the place in this state where duties as employees are performed: . . . (5) physicians who provide medical care to inmates pursuant to a contract with the Department of Corrections, [and] . . . (7) licensed

14

medical professionals under contract with city, county, or state entities who provide medical care to inmates or detainees in the custody or control of law enforcement agencies . . .");  *id*. §§ 153(A), 155(25). We have not been asked whether Turn Key Health, LLC or its staff are "employees" under section 152(7)(b), but have assumed that they are for purposes of answering the questions certified to us.

*Barrios*, 2018 OK 90, n. 5 (emphasis added); *see also Prince*, 2019 WL 238153, *9.

Defendant acknowledges that a split has arisen in the Oklahoma Court of Civil Appeals as to whether private correctional healthcare corporations are entitled to tort immunity pursuant to the GTCA. However, there is no dispute or split regarding immunity afforded to medical providers like Dr. Lewis. As such, to the extent actually asserted and not otherwise time barred, Dr. Lewis is immune from state tort claims pursuant to the GTCA.

## CONCLUSION

In order to survive the instant Motion to Dismiss, Plaintiff must properly allege sufficient facts to support a claim of deliberate indifference as to Defendant Dr. Lewis. Plaintiff has failed their pleading burden in this regard and as such, Defendant's Motion to Dismiss should be granted. Dismissal of all of Plaintiff's claims against Dr. Lewis is appropriate at this time as Plaintiff has failed to state a claim against Defendant upon which relief can be granted.

WHEREFORE, Defendant Dr. Lewis prays that this Court grant its motion and dismiss this action against this Defendant.

Respectfully submitted,

*s/ Meilani C. Kaaihue*
Sean P. Snider, OBA #22307
Anthony C. Winter, OBA #32148
Meilani C. Kaaihue, OBA #33931
JOHNSON HANAN VOSLER
HAWTHORNE & SNIDER
9801 N. Broadway Extension
Oklahoma City, OK 73114
Telephone: 405.232.6100
Facsimile: 405.232.6105
ssnider@johnsonhanan.com
awinter@johnsonhanan.com
mkaaihue@johnsonhanan.com
*Attorneys for Defendants Turn Key Health Clinics, LLC; Jawaun Lewis; Diana Myles-Henderson, LPC; and Natasha Kariuki, LPN*

CERTIFICATE OF SERVICE

  I hereby certify that on the 2nd day of October, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

*/s/ Meilani C. Kaaihue*
Meilani C. Kaaihue
