## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL HANCHETT, as Personal Representative of the Estate of Shannon Hanchett, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> SHERIFF OF CLEVELAND COUNTY, et al., <br><br> Defendants. | Case No. 24-cv-87-G |

___

### DEFENDANT TARA DOTO, LPN's REPLY TO PLAINITTF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
___

COMES NOW, Defendant Tara Doto, LPN ("Defendant" or "LPN Doto"), and, pursuant to LCvR7.1(i), provides the following Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss.

## ARGUMENTS & AUTHORITIES

### I.  STANDARD OF REVIEW

*Bell Atl. Corp. v. Twombly*, which answers the antecedent question of what a plaintiff must plead in order to state a claim in accordance with Fed. R. Civ. P. 8(a)(2) and to survive a Rule 12(b)(6) motion, sets forth a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice. 550 U.S. 544, 555-557(2007); *Ashcroft v. Iqbal* 556 U.S. 662, 663-664 (2009). The Supreme Court suggests, a court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth and disregarding such. *Ashcroft*, 556 U.S. at 664; *Khalik v. United Airlines*, 671 F.3d 1188, 1191 (10th Cir. 2012). From this starting place, it is evident Plaintiff has not nudged his claims across the line from conceivable to plausible and consequently, the Amended Complaint must be dismissed.

### II.  PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO PROPERLY SERVE LPN DOTO.

Plaintiff confesses in his Response that LPN Doto was not properly served. *See* Doc. 104 at p. 13. As a result, the claims against her should be dismissed. The Federal and Oklahoma Rules of Civil Procedure require that a summons and complaint be

1

served on a defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). The Supreme Court in *Henderson v. United States* emphasized that this rule is not a mere formality, but a critical safeguard to ensure fairness and due process. 517 U.S., 654(1996). In *Henderson*, the Court explained that the purpose of Rule 4(m) is to ensure defendants receive timely notice of claims against them and clarified that while courts may grant extensions for good cause, the 90-day time limit is a **fundamental** procedural safeguard. *Id*. at 658,661(emphasis added). There is no dispute that Plaintiff did not seek leave or attempt to obtain any relief from the Court prior to untimely serving Nurse Doto but, rather, brazenly chose to ignore the requirements of Federal and Oklahoma law. Courts have ruled that plaintiffs' inaction or lack of diligence does not constitute good cause. *Thompson v. Brown*, 91 F.3d 20 (5th Cir. 1996). Failure to serve within 90 days can lead to dismissal without evidence of good cause or reasonable effort, which plaintiffs here have not shown. *Id.* at 21-22

In the present matter, Plaintiff's complaint was filed January 25, 2024. *See generally* Doc 1. The deadline to serve her was on or about April 24, 2024. To date, Plaintiff has never served Nurse Doto with the original Complaint. Plaintiff did not serve Nurse Doto with the Amended Complaint until three hundred and thirteen (313) days after commencement of this action and failed to properly issue a new summons to accompany the Amended Complaint. Plaintiff's contention that Defendant has been served with the Amended Complaint does not make up for their failure to comply with the applicable Federal Rule. To this point, and as noted in Defendant's Motion to

2

Dismiss (Doc. 101), the 90-day timeframe to affect proper service is applicable whether or not plaintiffs file an amended complaint.

      Plaintiff requests this Court disregard Nurse Doto's fundamental due process rights afforded to her under the United States Constitution because doing so would cause "unnecessary delay and disruption." Such statement is specious in light of the fact Plaintiff chose to not serve Nurse Doto for over 11 months following the filing of his Complaint. The remedy for this inaction, pursuant to Federal Civil Procedure, is not to strip away Nurse Doto's fundamental right, but to dismiss the action against her. Fed. R. Civ. P. 4(m).

Despite blanket assertions that Nurse Doto has "suffered no prejudice," Plaintiff has failed to provide any "good cause" for their delay in serving LPN Doto. Doc. 104 at 15. Rule 4(m) provides that when a plaintiff fails to serve a defendant within the required timeframe, the court must either dismiss the claims without prejudice or set a new deadline for service. However, courts are only required to grant an extension if the plaintiff demonstrates good cause for the delay, which has not occurred in this matter. Courts have ruled that plaintiff's inaction or lack of diligence does not constitute good cause. *Thompson v. Brown*, 91 F.3d 20(5th Cir. 1996). Failure to serve within 90 days can lead to dismissal without evidence of good cause or reasonable effort, which Plaintiff here has not shown. *Id*. at 21-22. Thus, because Plaintiff has failed to explain good cause, the Court should dismiss Plaintiff's claims against Nurse Doto pursuant to Fed. R. Civ. P.4(m). Moreover, prior to the filing of Plaintiff's Response, Plaintiff made

3

   III. **PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE PLAINTIFF HAS FAILED TO SHOW TARA DOTO, LPN WAS DELIBERATELY INDIFFERENT TO MS. HANCHETT'S MEDICAL NEEDS.**

Procedural deficiencies aside, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Plaintiff, in realizing this, regurgitates his amended complaint in an attempt to lure the Court into an emotional trance. When Plaintiff finally does discuss the legitimacy of Defendant's Motion, thirteen (13) pages into his twenty-six (26) page response, he argues inapposite legal standards. From the outset, Plaintiff begins his substantive Response by citing to inapplicable and noncontrolling case law in an attempt to obfuscate the applicable standard. Specifically, Plaintiff cites to two cases which discuss the standards potentially applicable to *prison jailers/correctional officers* in their duty of providing "reasonable safety from serious bodily harm," typically assaults, which is separate and distinct from a *correctional health care providers* duty to provide "adequate medical care" under the Eight Amendment. *Tafoya v. Salazar*, 516 F.3d 912 (10th Cir. 2008)(claim of deliberate indifference for failure to protect from sexual assault); *Lopez v. LeMaster*, 172 F.3d 756 (10th Cir. 1999)(deliberate indifference claim for failure to protect from physical assault and medical needs thereafter). From the *Lopez* case, Plaintiff even cites directly from the section of the Opinion entitled "Liability for Failure to Protect." *Lopez*, 172 F.3d at 759. If Plaintiff would have read the entire *Lopez* opinion, the claim of deliberate

indifference as to medical needs was further down and sets forth the correct standard applicable to such claims brought forth against correctional health care providers, which is deliberate indifference to a substantial risk of serious harm. *Lopez*, 172 F.3d at 764(citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

Despite what Plaintiff would like this Court to believe, the applicable standard continues to require a showing of "unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind" which is a high evidentiary hurdle. *Estelle*, 429 U.S. at 105-06; *Farmer v. Brennan*, 511 U.S. 825, 826 (1994); *Self v. Crum*, 439 F.3d 1227,1232 (10th Cir. 2006). It is not reasonableness or even negligence. *Estelle*, 429 U.S. at 104-106; *Duffield v. Jackson*, 545 F.3d 1234, 1239(10th Cir. 2008); *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803 (10th Cir. 1999); *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993); *Ledoux v. Davies*, 961 F.2d 1536, 1537(10th Cir. 1992); *El'Amin v. Pearce*, 750 F.2d 829 (10th Cir. 1984); *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *Jones v. McCracken*, 562 F.2d 22 (10th Cir. 1977); *Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976); *Henderson v. Sec'y of Corr.*, 518 F.2d 694 (10th Cir. 1975); *Paniagua v. Moseley*, 451 F.2d 228(10th Cir. 1971); *Coppinger v. Townsend*, 398 F.2d 392, 392-393 (10th Cir. 1968). With regard to the subjective component of deliberate indifference, the Supreme Court has straightforwardly set forth, there must be a "sufficiently culpable state of mind," and an individual cannot be liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial

risk of serious harm exists, and he must also draw the inference." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006)(citing *Farmer*, 511 U.S. 825, 834, 837 (1994)).

With these requirements in mind, the Tenth Circuit set forth two types of conduct which may constitute deliberate indifference involving medical treatment in a prison: (1) a complete denial or unnecessary delay in a referral; (2) a complete denial or failure to treat. *Self*, 439 F.3d at 1231-32, (10th Cir. 2006)(quoting *Sealock v. Colorado*, 218 F.3d 1205 (10th Cir. 2000)(emphasis added); *Mata v. Saiz*, 427 F.3d 745, 755 (10th Cir. 2005). The Court further clarified a claim under this framework is only actionable where the need for additional treatment or referral to a medical specialist is obvious and the provider responds to an obvious risk with treatment that is patently unreasonable. *Id*. Where a medical professional provides a level of care consistent with the symptoms presented by the inmate, an inference of deliberate indifference is unwarranted, and the requisite state of mind cannot be met. *Id*. Specifically, absent an extraordinary degree of neglect, the subjective component is not satisfied where a provider merely exercises his considered medical judgment as to such decisions as "whether to consult a specialist or undertake additional medical testing." *Id*.; see also Estelle, 429 U.S. at 107 (holding the Eighth Amendment's prohibition on cruel and unusual punishment is not violated when a doctor simply resolves the question whether additional diagnostic techniques or forms of treatment is indicated); *see also Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992). For example, in applying these principles, Courts have allowed a claim of deliberate indifference where a provider knew an inmate was suffering from severe chest pains yet "completely refused to assess or diagnose" the potential cardiac

6

emergency but denied a claim where a provider set forth "a good faith effort to diagnose and treat [the inmate's] medical condition" despite failing to diagnose a heart attack. *Mata*, 427 F.3d at 755-61. This is the line between negligence and deliberate indifference – there must be complete denials/failures to provide care or unnecessary delays to place a referral to meet the high constitutional threshold, not "mere differences" in opinion over the adequacy of medical treatment. *Oxendine v. Kaplan*, 241 F.3d 1272, 1277 (10th Cir. 2001). This distinguishable line is set forth in the very case cited by Plaintiff, *Prince*, where zero care was provided and zero referrals were placed for the inmate, which is not comparable to the case at hand. *Prince v. Sheriff of Carter Cty.*, 28 F.4th 1033 (10th Cir. 2022).

As stated in Defendant's Motion to Dismiss [Doc. No. 101], and in line with the litany of cases cited *supra,* to succeed on a claim of deliberate indifference, Plaintiff must have shown that LPN Doto had knowledge of the specific risk faced by Ms. Hanchett and knowingly and willingly disregarded that risk. In an attempt to meet this standard, Plaintiff has inadvertently argued that Nurse Doto acted in accordance with her duties as an LPN. Plaintiff argues that LPN Doto "fail[ed] to treat [Ms. Hanchett's] serious medical condition properly[,]" and also "delay[ed] or refuse[d] to fulfill [her] gatekeeper role." (Doc. No. 104).  Plaintiff alleges Nurse Doto provided "no care at all" to Ms. Hanchett, [Id. at 23], yet Plaintiff makes clear that LPNs are limited in what they may or may not contribute to the care of a patient. *Id*. at n.1. Among the few tasks LPNs may partake in, "observ[ing] a patient's condition" is one of them. *Id*. Notably, "LPNs cannot diagnose medical condition[s]." *Id*. This proposition is confirmed by the

7

Oklahoma Nursing Practice Act, set forth at OKLA. STAT. Ann. tit. 59, §§ 567.1-576. Under this Act, LPNs may assess and evaluate individuals but may not make diagnoses or prescribe medications, treatments, or devices. *Id.* According to Plaintiff, Defendant must treat the condition properly but may not actually make treatment decisions. With this in mind, tracking through Plaintiff's Response, it is clear that at all relevant times, Nurse Doto was acting in accordance with her duties as an LPN. For instance, Plaintiff states "Nurse Doto observed Ms. Hanchett" on December 3, 2022. *Id* at 19. Plaintiff reiterates Nurse Doto acted in accordance with her duties on December 4, 2022, when Nurse Doto "observed Ms. Hanchett through the panel of the cell door." *Id*. Again, December 5, 2022, "Nurse Doto briefly peered in" to Ms. Hanchett's cell. *Id*. Even when taken in light most favorable to Plaintiff, the alleged actions of LPN Doto do not and cannot amount to deliberate indifference, as Plaintiff admits LPN Doto was acting in accordance with her duties as a Licensed Practical Nurse as set forth by Oklahoma Law. Okla. Stat. Ann. tit. 59, §§ 567.1-576.

Beyond the handful of interactions Nurse Doto had with Ms. Hanchett, Plaintiff takes issue with the secretarial ability of LPN Doto. Unfortunately for Plaintiff, the ability, or alleged lack thereof, of Nurse Doto to fill out paperwork bears no weight in the analysis of deliberate indifference. As stated in Plaintiff's Response, the court must "accept as true all well-pleaded facts, <u>as distinguished from conclusory allegations</u>." *Id*. (quoting *Archuleta*, 523 F.3d)(emphasis added). Disregarding Plaintiff's conclusory allegations as to LPN Doto leaves this Court with the above-mentioned care she provided to Ms. Hanchett in accordance with her duties as an LPN. Further, Plaintiff's

8

speculation as to the circumstances surrounding said paperwork is simply that, speculation. What is not speculatory is Plaintiff's failure to address the fact that his entire analysis of these events hangs on a soundless video. Realizing the inadequacy of a merit-based argument in this matter, Plaintiff takes it upon himself to interject opinion. As repeatedly stated in Defendant's Motion to Dismiss, the Jail video that serves as the crux of Plaintiff's position <u>has no sound</u>. As such, his conclusory allegations should have no bearing in this Court's analysis of Defendant's Motion.

The fact remains, Plaintiff has failed to set forth facts sufficient to support a claim of deliberate indifference against LPN Doto. Plaintiff's allegations attest LPN Doto acted in accordance with the exercise of her best medical judgment in treating Ms. Hanchett's medical complaints and in accordance with Oklahoma Law. Plaintiff's allegations merely amount to a disagreement in the care provided to Ms. Hanchett, which is a claim that sounds in negligence and, according to the U.S. Supreme Court, cannot rise to the level of a constitutional violation. Defendant simply requests this Court follow the case law precedent cited by Plaintiff which directly affirms Plaintiff's Amended Complaint does not plausibly allege a §1983 claim alleging cruel and unusual punishment and must be dismissed pursuant to Rule 12(b)(6). *Prince v. Sheriff of Carter Cty.*, 28 F.4th 1033 (10th Cir. 2022). Plaintiff has failed to set forth facts sufficient to support the allegation LPN Doto exhibited an extraordinary degree of neglect amounting to a conscience disregard Ms. Hanchett's health and safety to the level of a sufficiently serious deprivation. Instead, Plaintiff makes clear that at all times relevant thereto, LPN Doto acted in accordance with her duties as a Licensed Practical Nurse.

9

As such, Plaintiff's Amended Complaint does not plausibly allege a §1983 claim alleging cruel and unusual punishment and must be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

Plaintiff's Amended Complaint is properly dismissed pursuant to Federal Rule of Civil Procedure 4(m) and 12(b)(6), as Plaintiff admits they failed to timely serve LPN Doto. Further, Plaintiff has failed to allege facts sufficient to support a claim of deliberate indifference. Finally, Plaintiff has admitted they are not asserting claims of negligence against Defendant LPN Doto, as such Plaintiff must be estopped from subsequently attempting to assert any such claims. Dismissal of Plaintiff's claims against Defendant LPN Doto is appropriate at this time.

WHEREFORE, Defendant LPN Doto prays this Court grant this Motion and dismiss this action in its entirety.

Respectfully submitted,

*s/ Meilani C. Kaaihue*
Sean P. Snider, OBA# 22307
Anthony C. Winter, OBA# 32148
Meilani C. Kaaihue, OBA# 33931
JOHNSON HANAN VOSLER
HAWTHORNE & SNIDER
9801 N. Broadway Extension
Oklahoma City, OK 73114
Telephone: 405.232.6100
Facsimile: 405.232.6105
ssnider@johnsonhanan.com
awinter@johnsonhanan.com
mkaaihue@johnsonhanan.com

*Attorneys for Defendants Turn Key Health Clinics, LLC; Jawaun Lewis; Diana Myles-Henderson, LPC; Tara Doto, LPN; Natasha Kariuki, LPN; and Jewel Johnson, LPN*

CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of January, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

*/s/ Meilani C. Kaaihue*
Meilani C. Kaaihue