**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA**

DANIEL HANCHETT, as Personal
Representative of the Estate of Shannon
Hanchett, Deceased,

     Plaintiff,

v.

SHERIFF OF CLEVELAND COUNTY,
et al.,

     Defendants.

Case No. 24-cv-87-G

---

**TURN KEY HEALTH CLINICS, LLC'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

---

COMES NOW Defendant Turn Key Health Clinics, LLC (hereinafter "Defendant" or "TK Health"), and respectfully notifies this Court of supplemental authority, *Sanders v. Turn Key Health Clinics,* 2025 OK 19, the formal opinion attached hereto as Exhibit 1, that is dispositive of and/or pertinent to certain legal issues raised in Defendant TK Health's Motion to Dismiss, filed herein on September 23, 2024. *See* Doc. 64, pp. 25-29.

On March 11, 2025, the Oklahoma Supreme Court issued its opinion in *Sanders*, addressing one of the very same legal issues presented in this case. In *Sanders,* the Oklahoma Supreme Court upheld the district court's granting of TK Health's motion to dismiss. Specifically, the Oklahoma Supreme Court in *Sanders* concluded that the Oklahoma Governmental Tort Claims Act ("OGTCA") considers licensed medical professionals, like TK Health, "employees" of the State, "regardless of the place in this state where duties as employees are performed, when the

licensed medical professionals are under contract, *including when under contract as an independent contractor*, with city, county, or state entities and providing medical care to inmates or detainees in the custody or control of law enforcement agencies." Exhibit 1 at ¶ 57. In so ruling, the Court rejected the plaintiff/appellant's argument that Turn Key Health Clinics, LLC was not a "licensed medical professional" for the purposes of the OGTCA due to its status as a business entity or its status as an independent contractor with Creek County. *Id.* at ¶¶ 40 – 57.

In the present case, just like in *Sanders*, the Plaintiff has alleged that TK Health was under contract with the county to provide medical care to inmates and detainees in the custody or control of the county. Doc. 57, ¶ 3. Here, just like in *Sanders*, the alleged wrongful conduct on the part of TK Health was the medical care, or lack thereof, provided to an inmate or pretrial detainee in a county jail. Doc. 57, ¶¶ 19 – 142, and 351-358. Lastly, here, just as in *Sanders*, the Plaintiff's allegations in his Amended Complaint are sufficient for this Court to find that TK Health was an employee of the state pursuant to 51 O.S. § 152(7)(b)(7), and it is therefore immune from liability in tort pursuant to 51 O.S. § 155. As such, this Court must now find, just as the district court in *Sanders* did, that, based on the Plaintiff's own factual allegations contained in his Amended Complaint, TK Health was a statutory employee of the State of Oklahoma, and is therefore immune from liability for torts under the OGTCA. As a result, this Court should grant TK Health's Motion to Dismiss and dismiss Plaintiff's negligence claims against it at this time.

WHEREFORE, Defendant prays that its Motion to Dismiss be granted at this time, as the arguments contained therein related to the application of the OGTCA and the immunity from torts extended to medical services contractors like TK Health have been thoroughly addressed and confirmed by the Oklahoma Supreme Court.

[continued on next page]

2

Respectfully submitted,

/s/ Sean P. Snider
Sean P. Snider, OBA# 22307
Anthony C. Winter, OBA# 32148
Meilani C. Kaaihue, OBA# 33931
JOHNSON HANAN VOSLER
HAWTHORNE & SNIDER
9801 N. Broadway Extension
Oklahoma City, OK 73114
Telephone: 405.232.6100
Facsimile: 405.232.6105
ssnider@johnsonhanan.com
awinter@johnsonhanan.com
mkaaihue@johnsonhanan.com
*Attorneys for Defendants Turn Key Health Clinics, LLC; Jawaun Lewis; Diana Myles-Henderson, LPC; Tara Doto, LPN; Natasha Kariuki, LPN; and Jewel Johnson, LPN*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of March 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

/s/ Sean P. Snider
Sean P. Snider