IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

(1) DANIEL HANCHETT, as Personal )
Representative of the Estate of Shannon )
Hanchett, Deceased, )
 )
    Plaintiff, )
 )
vs. )    CASE No.: 24-CV-87-G
 )
 )
(1) SHERIFF OF CLEVELAND COUNTY, )
   IN HIS OFFICIAL CAPACITY, )
(2) TURN KEY HEALTH CLINICS, LLC, )
(3) DIANA MYLES-HENDERSON, LPC, )
(4) TARA DOTO, LPN, )
(5) NATASHA KARIUKI, LPN, )
 )
 )
    Defendants. )

## PLAINTIFF'S MOTION TO PERMIT DISCOVERY

Pursuant to Rule 26.3(c) of the Local Rules of Civil Procedure for the District Court of the Western District of Oklahoma, Plaintiff Daniel Hanchett ("Plaintiff"), as Personal Representative of the Estate of Shannon Hanchett ("Ms. Hanchett"), deceased, moves the Court to permit the parties to seek discovery in this action. In support of this Motion, Plaintiff states as follows:

1. Ms. Hanchett died on December 8, 2022, while in the Defendants' custody and "care."

2. Plaintiff filed this action on January 25, 2024.

3. After the Court granted Defendants' motions to dismiss, Plaintiff filed the operative Amended Complaint on September 9, 2024. Dkt. #57.

1

4.    On September 23, 2024, multiple Defendants filed Motions to Dismiss the Amended Complaint. Dkt. #61, 62, 63, 64. These Motions remain pending.

5.    Local Rule 26.3(a) prohibits parties from seeking discovery while motions under Fed. R. Civ. P. 12(b) are pending.

6.    Local Rule 26.3(c) provides that "[a]ny party may move that discovery be permitted" during the pendency of motions to dismiss.

7.    Plaintiff is prejudiced by an extended stay of discovery in this action.

> Plaintiffs have a substantial interest in the expedient resolution of their cases. *See* Fed. R. Civ. P. 1. (stating that the Federal Rules of Civil Procedure should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

*Yazzie v. Fezatte*, 2019 WL 1865204, *5 (D.N.M. April 25, 2019). "Time may... fade witnesses' memories making them less reliable, which opposing parties may use to their advantage." *Id.* In addition, this litigation is a source of agony for the family of Ms. Hanchett – including her children – who have a profound interest in seeking justice and a measure of closure.

8.    The public also has a compelling interest in the expeditious resolution of this case. This § 1983 action implicates the enforcement of Constitutional guarantees, the operations of public institutions that are entrusted with people's lives and the public's trust in those institutions. The suit alleges that Turn Key systematically understaffs the jails it services and routinely denies inmates even the barest minimum of medical care, resulting in calamitous medical outcomes. Plaintiff further alleges that, despite these unconstitutional practices, counties throughout the region still contract with Turn Key to provide medical

2

"care" to thousands of inmates and detainees. The resolution of this case would be of utmost concern to citizens in Cleveland County and to local governments across Oklahoma and in surrounding states.

9.      Defendants are not prejudiced by engaging in discovery, which is simply a standard feature of litigation. While Local Rule 26.3(a) "protects the interest of a defendant to be free from discovery until it is established that a claim is sufficiently viable to proceed,"[1] this is not a concern in this case, in which the Amended Complaint provides detailed factual allegations – based on video evidence – showing that Defendants locked Ms. Hanchett in a cell without a sink or a toilet for eleven days and refused to care for her as she precipitously declined – and ultimately died – in front of their eyes.

10.     Counsel for Plaintiff has conferred with counsel for the Defendants, who have indicated they oppose this Motion.

WHEREFORE, Plaintiff respectfully moves the Court to exercise its discretion to permit discovery to proceed in this action.

Respectfully submitted,

/s/Robert M. Blakemore
Daniel E. Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Bryon D. Helm, OBA #33003
SMOLEN & ROYTMAN
701 S. Cincinnati Ave.
Tulsa, Oklahoma 74119
P: (918) 585-2667
F: (918) 585-2669

---

[1]      *Black Emergency Response Team v. Gentner Drummond*, CIV-21-1022-G, at 2 (W.D.Okla. Oct. 24, 2023).

3

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

/s/Robert M. Blakemore

4