**RELEASE OF ALL CLAIMS AND SETTLEMENT AGREEMENT**

*Daniel Hanchett as Personal Representative of the Estate of Shannon Hanchett v. Sheriff of Cleveland County, in his Official Capacity, et al.*

Case No. 24-CV-87-G

For the sole consideration of the Settlement Sum set out below, the sufficiency whereof is hereby acknowledged, **DANIEL HANCHETT, as Personal Representative of the Estate of Shannon Hanchett, deceased,** hereby acknowledges full settlement and satisfaction of all claims of whatever kind or character he, his children, his heirs, next of kin, successors, administrators, executors, assigns, and any beneficiaries ("Releasor") may have against **CLEVELAND COUNTY, OKLAHOMA**, and all its elected or appointed officials, trustees, agents, servants, current and former employees, insurers, offices and/or departments, and any other affiliated entities or persons thereof ("Released Parties") that were or could have been asserted in the lawsuit styled *Daniel Hanchett, as Personal Representative of the Estate of Shannon Hanchett v. Sheriff of Cleveland County, in his Official Capacity, et. al.*, Case No. 24-CV-87-G filed in the United States District Court of the Western District of Oklahoma, ("Litigation"). Releasor does not dismiss, waive, or release any claims in the Litigation against Defendants Turn Key Health Clinics, LLC; Jawaun Lewis; Diana Myles-Henderson, LPC; Tara Doto, LPN; Natasha Kariuki, LPN; and Jewel Johnson, LPN.

1. **RELEASE.** Releasor hereby releases and forever discharges Released Parties from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, emotional distress, pain and suffering, injuries, actions, causes of action, suits, rights, demands, costs, attorneys' fees, losses, debts and expenses, punitive or liquidated damages, loss of wages, loss of earning capacity, loss of consortium, medical costs and/or other compensation of any nature whatsoever whether known or unknown, with respect to or arising out of the claims asserted or which could have been asserted in the Litigation.

This release includes claims for any and all injuries, harm, damages, penalties, costs, losses, expenses, pre-judgment interest, attorneys' fees, and/or liability or other detriment, if any, whenever incurred, or alleged to have been suffered by Shannon Hanchett or her Estate as a result of any and all acts, omissions, or events by the Released Parties, collectively or individually, related to the incarceration of Ms. Hanchett in the Cleveland County Detention Center on or about November 26 through December 8, 2022, through the effective date of this Agreement.

2. **SETTLEMENT SUM.** It is agreed that the sum payment of $20,000,000.00 (Twenty Million and 00/100 Dollars) ("Settlement Sum") is in exchange for a full and final settlement of all claims. Two Million Dollars of the Settlement Sum will be paid by the County's liability insurance provider, The Charter Oak Fire Insurance Company ("Travelers"), with the remainder to be paid by the County. The amount to be paid by Travelers will be delivered to Plaintiff's counsel within sixty (60) days of the filing of a Stipulated Judgment upon Agreed Settlement to be issued in accord with this Agreement.

The total Settlement Sum will be paid as further set out below. Counsel for Releasor will provide counsel for Released Parties a fully executed original copy of this Agreement, and all other documents necessary to effectuate settlement and payment to include, but not necessarily limited



PLAINTIFF'S EXHIBIT 1

to, applicable W-9 and related forms, Joint Motion for Stipulated Judgment, and Stipulated Judgment against Cleveland County.

The settlement amount as discussed herein is to be disbursed as follows:

a) $2,000,000.00 made payable jointly to the Estate of Shannon Hanchett and Smolen & Roytman.

b) $18,000,000 with post-judgment interest as further discussed below, shall be paid in one-third (1/3) installments by way of three annual sinking fund tax levies, in accordance with the mechanisms for paying judgments entered against political subdivisions. See Okla. Const. Art. X, Sec. 28; Okla. Stat. tit. 19 Sec. 6; Okla. Stat. tit. 62, Sec. 431, 435.

The parties agree and acknowledge that the payment of the Settlement Sum, as reduced by the Travelers portion, plus post-judgment interest, may be paid by the County over an extended period of time, to the extent permitted by applicable law. Nothing in this Agreement shall prohibit early payment of the Settlement Sum by the County. In the event of early payment, interest on this judgment shall stop accruing.

**3. ADDITIONAL WARRANTIES.**

(a) Releasor will take all further action required to obtain the dismissal with prejudice as to the Released Parties only. Releasor acknowledges that further investigation, a lawsuit, a trial on the merits, discovery, and any right of appeal or review of any matter in the Litigation as to these Released Parties only is hereby expressly waived by Releasor.

(b) Releasor further represents and warrants that there are no outstanding liens or judgments existing on or concerning the Settlement Sum. Releasor represents and warrants that he has had no medical care or treatment relating in any way to any injury or damage claimed in the above-referenced lawsuit resulting in any outstanding medical or any other liens. To the extent Releasor has medical bills related to any treatment or care provided for any of the alleged injuries or damages asserted in the Litigation, Releasor understands it is his sole responsibility to pay these amounts and there will be no further payments made by the Released Parties. Also, to the extent that the Estate of Shannon Hanchett has medical bills related to any treatment or care provided for any of the alleged injuries or damages asserted in the Litigation, Releasor understands it is the Estate's sole responsibility to pay these amounts and there will be no further payments made by the Released Parties.

(c) The County agrees to adopt a formal Resolution approving and incorporating the language contained in this Agreement no later than September 14, 2026.

(d) The parties have agreed to notify the Court of this Settlement Agreement post haste and to request a 60-day period to provide the needed time to file the Joint Motion for Stipulated Judgment upon Agreed Settlement and Stipulated Judgment, which are to be filed within three (3) days of the Resolution approving the Settlement Agreement.

**4. NO ADMISSION OF LIABILITY AND OTHER PROCEEDINGS.** It is agreed that this settlement is the compromise of a disputed claim and that the payment made is not to be construed as an admission of liability on the part of Cleveland County or any of the Released Parties. It is further understood and agreed that the fact or amount of this settlement agreement is not evidence or an admission of a policy or custom or lack thereof of the Cleveland County Sheriff's Office.

As a material aspect of this Agreement, Releasor represents that other than the Litigation, Releasor has not filed any complaints, civil actions, grievances, claims, lawsuits, charges, and/or other legal or administrative proceedings against the Released Parties with any federal, state or local court, agency, or other body based upon events or matters arising out of the allegations discussed in the Litigation. To the extent Releasor has filed any such complaint or litigation against the Released Parties, Releasor agrees to immediately dismiss such claim and/or litigation with prejudice once payment has been received.

**5. RELIANCE.** Releasor declares and represents, in making this Release and agreement, that it is understood and agreed that he has sought counsel and is relying wholly upon his own judgment, belief, and knowledge of the nature, extent, severity and duration of any alleged damages, and that he has not been influenced to any extent whatever in making this Release by any representatives or statements regarding said damages, or regarding any other matters, made by the parties who are hereby released, or by any person or persons representing the parties released by this document.

**6. TAXATION.** Releasor agrees that he will make his own provisions regarding taxes, if any, on any sums received under this Release below and confirms that he has not relied upon any representation, either express or implied, by Cleveland County or any of its attorneys, representatives, or insurers, with regard to the potential tax consequences of this Release. Daniel Hanchett, as Personal Representative of the Estate of Shannon Hanchett, agrees to indemnify the Cleveland County Oklahoma and the law firm of Pierce Couch Hendrickson Baysinger & Green, LLP for and against any claim for tax liability.

**7. INTEREST.** The parties agree that post-judgment interest will begin to accrue on the Settlement Sum, as reduced by the Travelers portion, on the date the Judgment is rendered by the District Court. The federal interest rate in effect on August 10, 2026, pursuant to 28 U.S.C. § 1961, shall be the applicable post-judgment interest rate.

**8. PROTECTIVE ORDER.** The parties agree that they are still bound by the provisions of the protective order entered by the Court in this matter and that nothing in the protective order prevents Plaintiff from using any documents or videos produced as confidential in the prosecution of the remaining claims.

**9. DRAFTING.** The agreements contained herein shall not be construed in favor of or against the other party but shall be construed as if all Parties prepared this Agreement.

**10. ENTIRE AGREEMENT.** This Release contains the entire agreement between the parties hereto and the terms of this Release are contractual and not a mere recital.

**11. INVALID PROVISIONS.** If any provision of this Agreement is held to be illegal, invalid or unenforceable under present or future laws effective during the term hereof, such provision shall be fully severable and this Agreement shall be construed and enforced as if such illegal, invalid or unenforceable provision had never comprised a part hereof; and the remaining provisions hereof shall remain in full force and effect and shall not be affected by the illegal, invalid or unenforceable provision or by its severance here from. Furthermore, in lieu of such illegal, invalid or unenforceable provision, the court that found such provision to be illegal, invalid, or unenforceable shall add as part of this Agreement a provision as similar in terms to such illegal, invalid or unenforceable provision as may be possible to allow the full Agreement to maintain its legality, validity, and enforceability while effectuating a fair, equitable, and just result for all Parties.

**12. DUPLICATES.** This Agreement may be executed in multiple counterparts, each of which will be an original instrument, but all of which will constitute one agreement.

**13. ADDITIONAL DOCUMENTS.** The Parties will execute all such further documents that shall be necessary to lawfully carry out the provisions of this Agreement.

**14. CLAIMS ARISING UNDER THIS AGREEMENT & GOVERNING LAW.** This Agreement and any dispute arising thereunder will be governed by Oklahoma law without regard to any conflict-of-law principles. In the event any Party seeks to challenge or enforce the provisions of Agreement by initiating any type of judicial, agency, or other governmental proceeding, the prevailing party in such proceeding shall be entitled to all costs incurred as a result of prosecuting or defending against the claims or charges in such proceeding, including reasonable attorney fees.

**15. SECTION HEADINGS.** Section headings are used herein for the convenience of reference and shall not affect the meaning of any provisions in this Agreement.

[this space intended to be blank]

Signed:

PLAINTIFF:

Daniel Hanchett, as Personal Representative of the Estate of Shannon Hanchett

Date: 3 Sep 2026

PLAINTIFF'S COUNSEL:

Daniel E. Smolen

Date: 9/4/2026

DEFENDANT:

R. Darrell Weaver

Darrell Weaver
Sheriff of Cleveland County, in his Official Capacity

Date: 9/9/26

COUNSEL FOR DEFENDANT:

Robert S. Lafferrandre

Date: 9-9-26

Authorized Representative of the BOCC:

Date:
9-8-26